DEVELOPMENT BANK OF AMERICAN SAMOA, Plaintiff

v.

SAVUSA TAUILEVA and SINA T. SAVUSA, Defendants

High Court of American Samoa
Trial Division

CHARLES TAUTOLO dba KENT SAMOA, Garnishee

CA No. 146-87

April 25, 1989

46

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Steven H. Watson
For Defendants, Togiola T.A. Tulafono
Garnishee Charles Tautolo pro se

On Motion to Enter Judgment Against Garnishee:

On December 29, 1988, by stipulation of counsel for plaintiff Development Bank and defendants Savusa, judgment was entered against defendants in the amount of $35,067.12.

On February 13, 1989, plaintiff caused a writ of garnishment, notice of garnishment, and accompanying interrogatories to be served on garnishee Charles Tautolo. The interrogatories were not answered.

On March 6, 1989, plaintiff caused to be served on the garnishee an Order to Show Cause why he should not be held liable for the entire amount of the judgment debt on account of his failure to answer the interrogatories.

At some time after that, garnishee Tautolo went to the offices of plaintiff Development Bank with the interrogatories. He filled them out to the effect that neither he nor Kent Samoa, Inc. (which is, according to Tautolo, a separate entity owned and operated by him) owed defendants any money, having already advanced them $12,756.18 in lease payments. He refused, however, to sign the interrogatories.

At the hearing on the Order to Show Cause, the testimony of garnishee Tautolo was characterized by gross evasion if not outright perjury. First he stated or implied that he had never received the interrogatories. Then, when it was pointed out to him that he had actually filled in the

47

interrogatories, he said he had received these but had never received the Order to Show Cause. He said the person who swore he had served this order had instead merely reminded him to fill out the interrogatories. Tautolo later seemed to deny that the Marshal of the Court had served him the interrogatories; on close questioning by the Court, he "clarified" his statement by saying that he had never been served with anything by the Marshal at his home in Ili'ili, and "did not remember" whether he had been served at his office in Nu'uli. Upon further questioning he said he did remember.

A garnishee who fails to appear in response to a writ of garnishment without sufficient excuse is presumed to be indebted to the defendant in the full amount of the plaintiff's demand. A.S.C.A. § 43.1806(c); see Amerika Samoa Bank v. Haleck, 5 A.S.R.2d 54 (October 21, 1987).

It appeared at the hearing on the Order to Show Cause that Tautolo and Kent Samoa were not in fact indebted to the defendants in the entire amount of the demand. Indeed, since the lease payments to Savusa are in his capacity as sa'o of the Savusa communal family, we cannot say without knowing more facts whether these payments could have been garnished for a judgment relating to money borrowed by Mr. and Mrs. Savusa in connection with their individually owned home.

In order to rebut the presumption of indebtedness, however, it is not enough for the garnishee to show that he was not in fact indebted to plaintiff in the amount in question; he must also give "sufficient excuse" for not having appeared or answered in response to the interrogatories. A.S.C.A. § 43.1806(c). It is therefore within the Court's discretion to hold him liable for the whole amount of the judgment debt. Cf. Amerika Samoa Bank v. Haleck, supra.

Ordinarily we would be most reluctant to hold a garnishee for an amount much larger than what he actually owed the defendants. In this case, however, the pattern of evasion and dishonesty--- which, as we gather from his own testimony, was apparently designed to assist the defendants in avoiding payment of the judgment against them--- deprives the garnishee of any claim on the Court's equitable discretion to mitigate the harsh effects of the statute.

We therefore hold Kent Samoa, Inc., and Charles Tautolo, jointly and severally with the defendants Savusa Tauileva and Sina T. Savusa, liable to the Development Bank in the amount of $35,067.12.

The defendants remain primarily liable to the Development Bank. To the extent the Bank collects amounts on this debt from the garnishees, they are subrogated to the rights of the Bank against Mr. and Mrs. Savusa. This includes any right the Bank might have to occupy, lease, and/or remove the residence on which the mortgage was foreclosed.